**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 16-cv-00081-REB-AP
(Bankruptcy No. 12-36010, Chapter 7)

In re: DANE ANDERS NIELSEN,

    Debtor.

KEVIN D. HEUPEL, and
HEUPEL LAW,

    Appellants,

v.

DANE ANDERS NIELSEN,

    Appellee..

## ORDER REMOVING RESTRICTION

**Blackburn, J.**

The matter is before the court on the following: (1) the **Motion for Extension To File Appellant Brief and Access To Trial Transcripts** [#9][1] filed February 17, 2016; and (2) **Response to Appellants' Motion for Extension To File Appellant Brief and Access to Trial Transcripts and Appellees' Motion for Access To Trial Transcripts** [#11][2] filed February 18, 2016.  To the extent these motions request removal of the

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and  electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] The appellees included their motion for access [#11] in the same document as their response to a motion for extension of time filed by the appellant.  The Local Rules of Practice of this court prohibit including a motion in a response.  D.C.COLO.LCivR 7.1(d) provides: "A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."

restriction on Volume IV [#8-4] of the Bankruptcy Record on Appeal [#8], the motions are granted. All other issues raised in the motions have been addressed in a separate order.

Volume IV of the Bankruptcy Record on Appeal was filed under restriction. D.C.COLO.LCivR 7.2 provides that "the public shall have access to all documents filed with the court and all court proceedings," unless restriction of access is merited under statue, rule of civil procedure, or court order. D.C.COLO.LCivR 7.2(c) provides the bases on which a motion to restrict access to a court filing may be granted under that rule. No motion to restrict access to Volume IV of the Bankruptcy Record on Appeal has been filed. Nothing in the record indicates any apparent or valid basis for restriction of access to Volume IV.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Extension To File Appellant Brief and Access To Trial Transcripts** [#9] filed February 17, 2016, is granted to the extent the appellant seeks removal of the restriction on Volume IV [#8-4] of the Bankruptcy Record on Appeal [#8];

2. That the **Response to Appellants' Motion for Extension To File Appellant Brief and Access to Trial Transcripts and Appellees' Motion for Access To Trial Transcripts** [#11] filed February 18, 2016, is granted to the extent the appellee seeks removal of the restriction on Volume IV [#8-4] of the Bankruptcy Record on Appeal [#8]; and

3. That the clerk of the court shall remove any restriction on public access to Volume IV [#8-4] of the Bankruptcy Record on Appeal [#8] on the case management

and electronic case filing system of the court.

Dated March 3, 2016, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge